IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Richard J. Bobka, | C/A No.: 0:18-1029-JFA |
| Petitioner, | |
| vs. | **ORDER** |
| Warden Joyner, | |
| Respondent. | |

## I. INTRODUCTION

Richard J. Bobka, ("Bobka" or "Petitioner"), proceeding *pro se*, is an inmate incarcerated at a Federal Correctional Institution in South Carolina. Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss the Petition in this

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c), (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

matter without prejudice. (ECF No. 7). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Va. Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner was advised of his right to object to the Report, which was entered on the docket on April 27, 2018. (ECF No. 7). Petitioner filed his Objection to the Report on May 11, 2018. (ECF No. 10). Thus, this matter is ripe for review.

**II. DISCUSSION**

Petitioner makes several allegations in his § 2241 petition wherein he essentially challenges the length of his sentence. *See* (ECF No. 1). As the Magistrate noted, the Petitioner's only potential remedy would be to file a motion under 28 U.S.C. § 2255. *See* (ECF No. 7 p. 4). Since Petitioner chose to bring his action under § 2241 instead of § 2255, he must meet the requirements of the 28 U.S.C. § 2255(e) savings clause for this

Court to have jurisdiction over his claim, which he has not done. *See* 28 U.S.C. § 2255(e); *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010). Thus, Petitioner is foreclosed from bringing an action under 28 U.S.C. § 2241. *See id.*

In his Objection, the Petitioner vaguely objects to the Magistrate's Report, making conclusory allegations that his rights were violated and that the Magistrate's recommendations to this Court are flawed. *See* (ECF No. 10). Moreover, Petitioner attached an affidavit to his Objection wherein he claims that he failed to file a § 2255 because of alleged "material misrepresentations" and "deception" on the part of the sentencing judge and his attorney. *See* (ECF No. 10-1 p. 2). Petitioner's vague objection is addressed below.

As the Magistrate noted, the threshold issue is that Petitioner has not met the requirements of the § 2255(e) savings clause. The savings clause provides the following:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant *has failed to apply for relief*, by motion, to the court which sentenced him, or that *such court has denied him relief*, unless it also appears that the remedy by motion is *inadequate or ineffective* to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rivera*, 617 F.3d at 807. "It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Id.* (quoting *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). "[T]he remedy afforded by § 2255 is not

rendered inadequate or ineffective merely because . . . an individual is *procedurally barred* from filing a § 2255 motion." *Id.* (quoting *Vial*, 115 F.3d at 1194 n.5) (emphasis added) (internal quotations omitted).

The Fourth Circuit Court of Appeals has recently held that

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

As the Magistrate noted, the Petitioner has not filed a § 2255 motion in the court in which he was sentenced, the Middle District of Florida. *See* (ECF No. 7 p. 3). Moreover, Petitioner "fails to identify a reason why such a motion is inadequate or ineffective to attack the validity of his conviction or sentence." *Id.* In his Objection, Petitioner has not demonstrated that he can satisfy the requirements for § 2255(e) savings clause or the test from *Wheeler*. Therefore, Petitioner's only potential remedy for the alleged wrongdoing he complains of is to file a § 2255 motion in the court in which he was sentenced, and he has not done so. *See* 28 U.S.C. § 2255(a).

Other than his general objection to the Magistrate's finding, Petitioner makes several allegations that could constitute specific objections. Each is addressed below.

First, Petitioner objects to the Magistrate's Report because "the historic record relative to Title 18 is clear." This objection requires no further review because it is

4

unclear and conclusory and thus is not a specific objection. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Next, Petitioner objects to the Magistrate's Report because "the District Court improperly rel[i]ed on [its] inherent supervisory powers to deny his motion." (ECF No. 10 p. 2). This is a conclusory allegation, and thus is does not constitute a specific objection. *See Orpiano*, 687 F.2d at 47. Moreover, the Magistrate did not "deny" Petitioner's Motion to Dismiss. Instead, the Magistrate recommended that this Court deny the Petition.

Next, Petitioner objects to the Magistrate's Report, essentially arguing that the Magistrate should have provided written findings of fact and conclusions of law. (ECF No. 10 p. 2–3). The Magistrate Judge, however, clearly considered the relevant evidence in issuing her Report. *See* (ECF No. 7); (ECF No. 6-2). Therefore, this objection is without merit. *See Orpiano*, 687 F.2d at 47.

Finally, Petitioner argues that "the court never legally established that it had subject matter jurisdiction . . . and therefore illegally entered judgement." (ECF No. 10 p. 3). This argument is unclear. However, the Magistrate correctly noted that the Petitioner needed to meet the requirements of the § 2255(e) savings clause to invoke jurisdiction. *See Wheeler*, 886 F.3d at 426. Petitioner has failed to meet the requirements. Therefore, this objection is also without merit.

III.  **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Magistrate's Report, this Court finds the Magistrate Judge's recommendation (ECF No.

5

7) fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Magistrate's recommendation (ECF No. 7). Bobka's Petition is thus dismissed without prejudice and without requiring the Respondent to file a return.[2]

    IT IS SO ORDERED.

May 31, 2018　　　　　　　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　　　　　United States District Judge

---

[2] Petitioner filed a motion to submit a sworn affidavit after filing his Objection to the Magistrate's Report. (ECF No. 12). This Motion is now moot.